Inglish et al. *vs.* Watkins.

---

INGLISH ET AL. *vs.* WATKINS, ADM'R.

Judgment against one defendant, after the suit is regularly discontinued as to him, without any subsequent appearance on his part, will reverse the judgment as to all the defendants.

The objection of repugnancy between different parts of the declaration, was only cause of special demurrer at common law, and cannot be assigned as cause of demurrer under our law.

Inglish et al. *vs.* Watkins.

A contract to pay a specified sum of money, 12 months after date, to bear interest at 10 per cent., and interest to be paid quarterly, carries interest from the date.

Such a contract must, according to the well established rules of construction, be construed most strongly against the obligors.

The allegation as to where the instrument was made, is a substantive averment of that fact, but forms no part of the description of the contract.

There is no difference between the right to sue and recover upon a contract stipulating to pay interest quarter-yearly, and one stipulating to pay interest at the end of the year.

Where a demand certain is payable by instalments, debt can be maintained after all the instalments are due.

A party not served with process, and against whom a discontinuance is entered, becomes a party, by prosecuting a writ of error to this Court, and must be considered, thereafter, as having been duly served with process.

THIS was an action of debt, determined in Pulaski Circuit Court, in June, A. D. 1841, before the Hon. JOHN J. CLENDENIN, one of the Circuit Judges. Robert A. Watkins, as administrator of Ann L. B. Byrd, sued Inglish, Galloway, and Johnston, on a bond, which is set forth in the declaration as follows: "$500 dolls. Twelve months after date, we, William K. Inglish, as principal, and David W. Galloway and John W. Johnston, as his securities, promise to pay Ann L. B. Byrd, or order, five hundred dolls. for value received of her, to bear interest at 10 pr. ct., and int. to be paid quarterly. Witness our hands and seals. March 15th, 1839." The breach negatived, expressly, the payment of the debt and interest, or either, or any part of either, to the intestate, or to Watkins, as administrator. There was also a profert of his letters of administration. The original process in the cause, issued against all of the plaintiffs in error, being returned not executed as to Galloway, and the suit as to him being regularly discontinued, oyer was prayed and granted, and a demurrer filed by Inglish and Johnston, which was overruled, and final judgment given against all the plaintiffs in error.

*Fowler*, for the plaintiffs.

*Ashley & Watkins*, contra.

*By the Court*, RINGO, C. J.

In giving judgment against Galloway, after the suit had been regularly discontinued as to him, without any subsequent appearance to the action, on his part, the Court unquestionably erred; and for this error, the judgment must be reversed.

Inglish et al. *vs.* Watkins.

But, in our opinion, there is no error in the judgment overruling the demurrer to the declaration. The objection as to repugnancy could not be assigned, under our statute, as a ground of demurrer at common law; besides, the supposed repugnancy does not, as we think, exist; for, although it is true that the pleader has introduced some unnecessary allegations as to the design and meaning of the instrument sued on, they are perfectly consistent with what we understand, from the instrument itself, to be the true legal interpretation thereof. There can be no doubt that the instrument bears interest from its date. The contract is to pay a specified sum of money, twelve months thereafter, to bear interest, &c. The legal presumption is, that the parties to the contract contemplated its performance, according to the terms stipulated: that is, that the principal debt would be paid at the expiration of twelve months, and the interest accruing thereon at the end of every three months from the date of the contract; and there is nothing in it to warrant the conclusion that either party contemplated its nonperformance, and provided specially for such contingency; besides, it is such contract as, according to the well established rules of construction, must be construed most favorably to the obligee, and most strongly against the obligors; and this is the effect which the pleader has, by unnecessary averments, after setting out the instrument *in hæc verba*, attempted to give it. The allegation as to where the instrument was made, is a substantive averment of that fact, but forms no part of the description of the contract, which is literally set out in the declaration. The breach as to the interest, as well as the whole contract, is well assigned, and there can be no doubt that the action is well conceived. The contract is for the payment of a certain sum of money, with interest at a specified rate, and at specified periods of time; but the times were past when the suit was brought, and we can perceive no difference whatever between the right to sue and recover, upon a contract where the interest is stipulated to be paid quarter-yearly, and one containing a stipulation to pay the same per annum, or at the end of the year: in either case, as where a demand certain is payable by instalments, debt can be maintained after all the instalments are due.

Reversed; and Galloway ruled to appear.